# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **v.** ) | **DOCKET NOS. 2:06-CR-390-RDP-JEO** |
| ) | **2:12-CR-544-RDP-HGD** |
| **GREGORY MARCEL ROBINSON,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM OPINION

On January 31, 2014, Defendant filed a pro se letter, which the court construes as a Motion to Run Sentence Concurrent with State Sentence. (Docs. #37, 26). In particular, Defendant requests that this court order the instant federal sentences to run concurrently with the state sentences imposed on October 29, 2013, in Jefferson County, Alabama, Circuit Court cases CC2012-3894, CC2012-3896, and Jefferson County, Alabama, District Court cases DC2012-6208, DC2012-6210.[1]

On May 23, 2014, the United States Bureau of Prisons ("BOP") requested clarification of the sentences imposed in cases 2:06-CR-390-RDP-JEO and 2:12-544-RDP-HGD, as Defendant was received into the custody of the BOP on May 29, 2014, from custody of the Alabama Department of Corrections, and clarification is needed in order to complete Defendant's sentence computation and designate him to a BOP institution.

On August 14, 2007, Defendant was sentenced in the United States District Court for the Northern District of Alabama, case 2:06-CR-390-CLS-JEO, to serve a nineteen (19) month term of imprisonment and a seventy-two (72) month term of supervised release based upon his convictions for Possession with Intent to Distribute Hydromorphone, Use and Carrying of a Firearm in Relation

---

[1] Defendant was actually convicted and sentenced in Jefferson County Circuit Court cases CC2012-3894, CC2012-3895, CC2012-3896, and CC2012-3897, not in DC2012-06208 and DC2012-6210.

to a Drug Crime, and Felon in Possession of a Firearm. Defendant commenced his supervised release term on March 3, 2011.[2]

On June 21, 2012, Defendant was arrested by law enforcement officers in Jefferson County, Alabama, and charged with four narcotic distribution and possession offenses. Defendant was originally charged in Jefferson County District Court cases DC2012-6208 through DC2012-6211, but was later indicted in Jefferson County Circuit Court cases CC2012-3894 through CC2012-3897. Defendant was detained in the Jefferson County Jail pending disposition of those cases.

Defendant was indicted by the January 2013 Grand Jury for the Northern District of Alabama, in case 2:12-CR-544-RDP-HGD, on a charge of being a Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1). On April 11, 2013, Defendant was borrowed on a writ from the custody of the Jefferson County Jail to answer the charge in the United States District Court. Defendant pled guilty to the Indictment on May 14, 2013. He was sentenced on August 21, 2013, to serve sixty-three (63) months imprisonment, with the sentence to be served concurrently with the sentence imposed in case 2:06-CR-390-RDP-JEO, followed by twenty-four (24) months of supervised release.

On that same date, Defendant's term of supervised release in case 2:06-CR-390-RDP-JEO was revoked, based upon his conviction of the crime in case 2:12-CR-544-RDP-HGD, and he was sentenced to a term of twenty-one (21) months imprisonment, with nine (9) months to be served consecutively to the sentence imposed in case 2:12-CR-544-RDP-HGD, and twelve (12) months to be served concurrently with the sentence in case 2:12-CR-544-RDP-HGD.

---

[2] This case was reassigned from the Honorable C. Lynwood Smith, Jr. to the Honorable R. David Proctor on August 14, 2013.

to a Drug Crime, and Felon in Possession of a Firearm. Defendant commenced his supervised release term on March 3, 2011.[2]

On June 21, 2012, Defendant was arrested by law enforcement officers in Jefferson County, Alabama, and charged with four narcotic distribution and possession offenses. Defendant was originally charged in Jefferson County District Court cases DC2012-6208 through DC2012-6211, but was later indicted in Jefferson County Circuit Court cases CC2012-3894 through CC2012-3897. Defendant was detained in the Jefferson County Jail pending disposition of those cases.

Defendant was indicted by the January 2013 Grand Jury for the Northern District of Alabama, in case 2:12-CR-544-RDP-HGD, on a charge of being a Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1). On April 11, 2013, Defendant was borrowed on a writ from the custody of the Jefferson County Jail to answer the charge in the United States District Court. Defendant pled guilty to the Indictment on May 14, 2013. He was sentenced on August 21, 2013, to serve sixty-three (63) months imprisonment, with the sentence to be served concurrently with the sentence imposed in case 2:06-CR-390-RDP-JEO, followed by twenty-four (24) months of supervised release.

On that same date, Defendant's term of supervised release in case 2:06-CR-390-RDP-JEO was revoked, based upon his conviction of the crime in case 2:12-CR-544-RDP-HGD, and he was sentenced to a term of twenty-one (21) months imprisonment, with nine (9) months to be served consecutively to the sentence imposed in case 2:12-CR-544-RDP-HGD, and twelve (12) months to be served concurrently with the sentence in case 2:12-CR-544-RDP-HGD.

---

[2] This case was reassigned from the Honorable C. Lynwood Smith, Jr. to the Honorable R. David Proctor on August 14, 2013.

Also on August 21, 2013, Defendant was returned from the custody of the United States Marshals to the Jefferson County Jail.  On October 29, 2013, Defendant was convicted in the Jefferson County District Court and Circuit Court cases, and sentenced to ten (10) years custody in each case, which the state court judge ordered to run concurrently with each other and with Defendant's sentences in cases 2:12-CR-544-RDP-HGD and 2:06-CR-390-RDP-JEO.

With regard to the BOP's request for clarification of Defendant's sentence, this court would advise that the judgment in case 2:06-CR-390-RDP-JEO is consistent with the court's findings and intent.  The court believes that some additional punishment is necessary because Defendant committed the offense in case 2:12-CR-544-RDP-HGD while serving a term of supervise release. Therefore, the judgment in case 2:12-CR-544-RDP-HGD is due to be amended.

In answer to Defendant's motion, the BOP is required to commence Defendant's sentence on the date he was received into its custody pursuant to 18 U.S.C. § 3585(a).  Furthermore, 18 U.S.C. § 3585(b) sets forth that prior credit toward the term of imprisonment is to be awarded by the BOP for time spent in official detention prior to the date the sentence commences (1) as a result of the offense for which the sentence was imposed, or (2) as a result of any other charge for which Defendant was arrested after the commission of the offense for which the sentence was imposed.

The sentences imposed upon Defendant in cases 2:12-CR-544-RDP-HGD and 2:06-CR-390-RDP-JEO were based upon conduct that occurred on April 25, 2012, in which he, as a convicted felon, possessed a firearm.  Defendant was arrested on June 21, 2012, for his drug-related, state offenses, *after* the commission of the offense for which the sentence was imposed; however, all the time he spent in custody from that date through the time he was released to the BOP on May 29, 2014, was credited toward the sentences imposed in Jefferson County Circuit Court cases CC2012-

3

3894 through CC2012-3897. In accordance with 18 U.S.C. § 3585(b), Defendant is prohibited from receiving credit for the time he was in custody serving his state sentences.

The court has considered the request of Defendant to run his sentences in cases 2:12-CR-544-RDP-HGD and 2:06-CR-390-RDP-JEO concurrently with his state sentences in cases CC2012-3894 through CC2012-3897, and particularly notes the following factors.  The conduct in Defendant's state cases constituted distinct crimes from the conduct Defendant committed in cases 2:12-CR-544-RDP-HGD and 2:06-CR-390-RDP-JEO.  In addition, Defendant served slightly less than two (2) years of the imposed sentences of ten (10) years in his unrelated state cases.  The court notes that case 2:12-CR-544-RDP-HGD is the third case in which Defendant has been convicted in the Northern District of Alabama.  His supervision was revoked in each of his prior two cases.  The court found in case 2:12-CR-544-RDP-HGD that Defendant's criminal history category was VI, and observes that his criminal history is varied, including drug, theft, and firearms convictions.  Furthermore, Defendant's criminal history spans the past twenty-five (25) years of his life, beginning when he was eighteen (18) years old.  Finally, the court sentenced Defendant at the low end of the guideline range in case 2:12-CR-544-RDP-HGD and ran it partially concurrent with the sentence in case 2:06-CR-390-RDP-JEO.

The court finds that Defendant's federal sentences in cases 2:12-CR-544-RDP-HGD and 2:06-CR-390-RDP-JEO should run consecutively to the sentences imposed in Jefferson County Circuit cases CC2012-3894 through CC2012-3897, in order to achieve a sentence that is sufficient, but not greater than necessary to comply with the sentencing objectives set forth in 18 U.S.C. § 3553(a).  Specifically, given the nature and circumstances of the offenses and the history and characteristics of Defendant; to reflect the seriousness of the offense, to promote respect for the law,

to provide just punishment for the offenses, and to protect the public from further crimes of Defendant. For these reasons, Defendant's motion is due to be denied. A separate order will be entered in accordance with this memorandum opinion.

      **DONE** and **ORDERED** this \_\_\_\_16th\_\_\_\_ day of June, 2014.

                                                **R. DAVID PROCTOR**
                                                UNITED STATES DISTRICT JUDGE